BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Email: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-13-00303 PJH |
| Plaintiff, | [~~PROPOSED~~] **DETENTION ORDER** |
| v. | Date: September 4, 2015 |
| ARNOLD RINGGOLD, | Time: 9:30 a.m.<br>Court: Hon. Kandis A. Westmore |
| Defendant. | |

    Defendant Arnold Ringgold appeared before this Court on September 8, 2015 for arraignment on a petition (hereafter, "Form 12") alleging three violations of the conditions of his supervised release and for a detention hearing. For the reasons set forth below, the Court **GRANTS** the United States' Motion for Detention.

    **A.**     **The Form 12**

    The Form 12 charged Ringgold in Charge One with committing another substantive crime by prostituting a female in violation of California Penal Code § 647(b); in Charge Two with leaving the judicial district without the permission of the court or probation officer; and in Charge Three with failing to notify the probation officer within seventy-two hours of being arrested or questioned by law

enforcement. Each of the violations arose from Ringgold's conduct on July 28, 2015 when he was arrested by the Sacramento Police Department ("SPD") in the Eastern District of California. According to the Form 12, SPD officers saw Ringgold parked in a rear lot of the Red Roof Inn. Officers conducted a search of Ringgold pursuant to his release conditions. In the trunk of the car, officers found women's clothing in the trunk; and on Ringgold's mobile phone they found text messages consistent with "pimping" a female victim along with photographs of females in lace clothing on city streets.

### B. The Detention Hearing

At the hearing, the United States moved the court to detain Ringgold, pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). After considering the Presentence Investigation Report (PSR), the petition filed in this case, and the proffers by both parties and the United States Probation Officer (USPO), the Court ordered Ringgold detained, finding he had not met his burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). For the reasons set forth below, the Court found there are no condition or combination of conditions in 18 U.S.C. § 3142(c) that will reasonably assure Ringgold's appearance and the safety of any other person and the community.

As set forth in the PSR, Ringgold has sustained a lengthy and serious criminal history dating back to 1992, including juvenile adjudications and adult convictions as follows: (1) juvenile disposition for burglary, receiving stolen property, and false financial statement (1992); (2) juvenile disposition for transport/sale of narcotics (1997); (3) juvenile disposition for vehicle theft (1999); (4) conviction for selling marijuana (1999); (5) conviction for possession of marijuana for sale (2001); (6) convictions for driving on a suspended license or without a license (2000, 2001, 2002, 2002, 2002, 2002, 2003, 2003, 2003, and 2003); (7) conviction for possession of marijuana for sale (2002); (8) conviction for possession of a firearm as a felon (2003); (9) conviction for felon in possession of a firearm, carrying a concealed weapon in a vehicle, tampering with I.D. marks on a firearm, and possession of marijuana for sale (2004); (10) federal conviction for felon in possession of a firearm (2005); and (11) federal conviction for escape from custody (2013). Ringgold has also sustained two prior probation violations and two probation modifications.

[PROPOSED] DETENTION ORDER
NO. CR-13-00303 PJH

During the detention hearing, the United States specifically proffered underlying facts for Ringgold's most recent firearms-related convictions as taken from the PSR.

As to Ringgold's 2004 conviction for possessing a firearm as a felon, the United States proffered that while Ringgold was on parole he fled from police in possession of a loaded 9 millimeter pistol with a high-capacity magazine.

As to Ringgold's 2005 federal conviction for possessing a firearm as a felon, the United States proffered that while Ringgold was on parole he led police on a vehicle chase ending in a car crash. Following the crash, Ringgold fled on foot until he was arrested in possession of a handgun bearing an obliterated serial number. As a result of his conduct, Hon. Martin J. Jenkins sentenced Ringgold to serve 92 months in custody.

As to Ringgold's 2013 federal conviction for escape, the United States proffered that while Ringgold was serving the tail-end of the above-referenced 92-month sentence he escaped from a Residential Re-Entry Center and subsequently ignored staff instructions to return. He remained a fugitive until California Highway Patrol officers arrested him without incident during a traffic stop on November 18, 2013. Officers arrested Ringgold after they observed him driving in excess of the speed limit on I-880 at approximately 1:14 a.m. near Washington Avenue.

**C.   Conclusion**

Accordingly, Ringgold's prior record consists of multiple juvenile dispositions and 17 adult convictions, including three priors for firearms possession, three priors for narcotics, and one prior for escape. Ringgold committed much of his criminal conduct while on some form of court supervision for a prior disposition. Taken as a whole, the Court orders Ringglold detained and finds that he has not met his burden of showing by clear and convincing evidence that the he will not flee or pose a danger to any other person or to the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). Further, no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance as required and the safety of any other person and the community.

Ringgold is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Ringgold must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Ringgold to the United States Marshal for court appearances. See 18 U.S.C. § 3142(i)(4).

**IT IS SO ORDERED**.

Dated: September 10, 2015

*/s/ Kandis Westmore*
HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
NO. CR-13-00303 PJH